**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eric CHANDLER, Defendant—**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael Ketcher, Defendant—**
**Appellant.**

**Nos. 01–30364, 01–30370.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Eric Chandler and Michael Ketcher appeal their respective criminal judgments imposed following their guilty pleas to uttering fictitious obligations in violation of 18 U.S.C. § 514(a)(1). The applicable maximum supervised release term was five years, but the plea agreements recited, and the district court reiterated during the change of plea hearings, a maximum supervised release term of three years. The sentences imposed on both defendants included a supervised release term of five years.

The government concedes that the failure to advise the defendants correctly of the maximum term of supervised release rendered their guilty pleas involuntary, and that the error is not harmless. *United States v. Roberts*, 5 F.3d 365, 368–70 (9th Cir.1993).[1] We remand and instruct

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** Because the government concedes the guilty pleas are not voluntary, we do not reach appellants' contention that imposition of the five-year supervised release term amounted to a government violation of the plea agreement.

the district court to either reimpose the sentences with three-year terms of supervised release or allow the defendants to replead. *Id.,* at 370.

SENTENCES VACATED AND REMANDED.